IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES POSTAL SERVICE )<br>)<br>Defendant. ) | CASE NO. 2:19-CV-768-ALB-SRW |

**REPORT AND RECOMMENDATION**[1]

**I.   Introduction**

Plaintiff Jarmal Jabbar Sanders, who is proceeding *pro se*, filed this action on October 10, 2019, against the United States Postal Service. Doc. 1. Along with the complaint, plaintiff also filed a motion to proceed *in forma pauperis*. Doc. 2. On October 31, 2019, the court granted plaintiff's application for leave to proceed *in forma pauperis* and ordered the Clerk to defer service of process on the defendant until further notice of the court, pending preliminary review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) to ensure that plaintiff's complaint is not "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's complaint names the United States Postal Service (USPS) as a defendant, specifically identifying the Selma post office located at 1301 Alabama Avenue, Selma, AL 36701, and the Montgomery processing center located 1206 Carter Hill Road,

---

[1] By order entered October 21, 2019, the district judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. Doc. 4.

Montgomery, AL. Doc. 1 at 1. The basis of plaintiff's complaint is the court's non-receipt of an *in forma pauperis* application in a separate action brought by plaintiff, *Sanders v. Merrill*, case no. 2:19-cv-00440. Plaintiff's complaint appears to allege that the USPS stole an *in forma pauperis* application that he sent to the court via certified mail on September 9, 2019, and four other motions which he sent to the court via USPS, none of which were received. Doc. 1 at 1-2. Plaintiff alleges that non-delivery of his application constitutes a violation of his constitutional right to due process; he seeks $500 billion in damages, the return of his stolen mail, and a court order for the arrest of "those involved."

## II.    Discussion

Under the doctrine of sovereign immunity, the United States and its agencies are generally shielded from being sued, although sovereign immunity may be waived. *Caldwell v. Klinker*, 646 F. App'x 842, 845 (11th Cir. 2016) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). The USPS is "an independent establishment of the executive branch of the United States." 39 U.S.C. § 201. Therefore, USPS is "part of the Government and that status indicates immunity unless there is a waiver." *United States Postal Serv. v. Flamingo Industries*, 540 U.S. 736, 744 (2004). While the "sue and be sued clause waives immunity, and makes the Postal Service amenable to suit," "Congress did not strip [USPS] of its governmental status," and "absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity." *Id.* (citing 39 U.S.C. § 401; *Meyer*, 510 U.S. at 482). See also *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015) (if "there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit.").

The Federal Tort Claims Act (FTCA) waives the federal government's sovereign immunity by giving jurisdiction to the district courts to hear claims against federal agencies "for injury or loss of property . . . resulting from the negligent or wrongful act[s] or omission[s] of any employee of the Government while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1). However, under what is known as the "postal matter exception," the FTCA specifically preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters of postal matter," 28 U.S.C. § 2680(b). *See also Wilson v. United States Postal Serv.*, 2018 U.S. App. LEXIS 33790 **5-6 (11th Cir. 2018). The Supreme Court has further determined that the preservation of sovereign immunity under § 2680(b) was likely intended to retain immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 489 (2006).

While plaintiff does not cite the FTCA or any other federal statute, the only facts offered by plaintiff are that he attempted to mail several pleadings to the court, that the court did not receive them, and that the Selma post office was unable to help him find his lost mail. Plaintiff's claim falls directly within the ambit of the postal matter exception, and must therefore be dismissed under the doctrine of sovereign immunity.

### III.   Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(iii). It is further

ORDERED that **on or before April 28, 2019**, plaintiff may file an objection to this Report and Recommendation. Any objection filed must specifically identify the findings in the magistrate judge's recommendation to which plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the recommendations of the magistrate judge shall bar a party from a *de novo* determination by the district court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon the grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 966 F.2d 1144, 1149 (11th Cir. 1993) (per curiam); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of April, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge