IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JARMAL JABBAR SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-768-ALB ) |
| UNITED STATES POSTAL SERVICE, | ) ) ) ) |
| Defendant. | ) ) ) |

# **ORDER**

This matter comes before the Court on a Report and Recommendation by Magistrate Judge Walker. *See* Doc. 9. Jarmal Jabbar Sanders ("Plaintiff") filed a complaint against the United States Postal Service ("Defendant") claiming that it had failed to convey his *in forma pauperis* application to the Middle District Courthouse in connection with another case and thereby violated his right of due process. *See* Doc. 1 at 2. As relief, Plaintiff requested $500 billion dollars as well as the arrest of those involved and the return of his mail. *See id.* at 3.

On April 13, 2020, Judge Walker filed a Report, recommending that Plaintiff's suit be dismissed for failing to state a claim upon which relief can be granted. This recommendation is based on a decision by the Supreme Court of the United States that sovereign immunity under § 2680(b) was intended to apply to

"injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 489 (2006).  As Judge Walker notes, Plaintiff has failed to cite to any federal statute that could provide him with relief.  *See* Doc. 7 at 3.  Because the only facts adduced are that he attempted to mail pleadings to the Court and the Court did not receive them, the claim falls into the purview of the postal matter exception as articulated in *Dolan* and therefore must be dismissed under the doctrine of sovereign immunity.

On April 29, 2020, Plaintiff moved for an extension of time to file an objection to the Report and Recommendation.  *See* Doc. 8.  Judge Walker granted this motion and allowed Plaintiff until May 26, 2020 to file objections to her Report.  Plaintiff has filed to submit any further filing.  This failure bars plaintiff from a *de novo* determination in this court regarding the factual findings and legal conclusions of the Report and Recommendation.  *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 966 F.2d 1144, 1149 (11th Cir. 1993).

Accordingly, the Report and Recommendation of the Magistrate Judge, Doc. 7, is adopted in full, the complaint, Doc. 1, is DISMISSED without prejudice, and Plaintiff's pending summary judgment motion, Doc. 5, is DENIED as moot.

**DONE** and **ORDERED** this 30th day of June 2020.

       /s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE